**GAO YAN CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General,[1] Respondent.**

**No. 04–2064–AG.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as respondent in this case.

58

G. Victoria Calle, Calle & Lee, LLP, New York, NY, for Appelant.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Alexander R. Dahl, Assistant United States Attorneys, Washington, DC, for Appellee.

DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, Circuit Judge, and JOSEPH F. BIANCO,[2], District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED.**

Petitioner Gao Yan Chen, a native and citizen of the People's Republic of China, seeks review of a March 23, 2004 order of the BIA affirming the December 12, 2002 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's applications for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *In re Gao Yan Chen,* No. A 79 092 218 (B.I.A. March 23, 2004), *aff'g* No. A 79 092 218 (Immig. Ct. New York, N.Y. Dec. 12, 2002). Also under consideration is Chen's "Motion to Remand for Administrative Closure or Adjustment Relief." We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where (as here) the BIA's opinion affirms the IJ's credibility finding without rejecting any portion of the IJ's reasoning, but emphasizing particular aspects of that reasoning, we review both the BIA's and the IJ's decision. *See Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam).

We review the agency's findings, including credibility determinations, for "substantial evidence." *Ye v. Dep't of Homeland Security,* 446 F.3d 289, 294 (2d Cir. 2006). The findings will not be disturbed if they are supported by "reasonable, substantial, and probative" evidence in the record considered as a whole. *Secaida–Rosales v. I.N.S.* 331 F.3d 297, 307 (2d Cir.2003). The agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ According to records of Chen's initial airport interview and her credible fear interview (while in detention six days later), she stated that she was subjected to a forced abortion in China because her neighbors reported her to the authorities. But in her asylum application and her testimony before the IJ, she claimed that

---

**2.** The Honorable Joseph F. Bianco of the United States District Court for the Eastern District of New York, sitting by designation.

she was seized when she and her boyfriend went to a government office to register for marriage, perhaps (she speculated) because her pregnancy was visible.

The inconsistency between Chen's distinct accounts of the basic circumstances under which she was seized by authorities and forced to undergo an abortion are material. Rather than seeking to reconcile the inconsistency when the IJ raised it, Chen denied that she had ever said that neighbors reported her to the authorities, and blamed the translation. However, the inconsistent account was rendered by two different translators (one at her airport interview and the other at her credible fear interview). The IJ and BIA's adverse credibility determination was supported by substantial evidence.

Chen did not appeal to the BIA the IJ's refusal to grant relief under the CAT, and did not raise the issue here, so we do not address it.

█ As to Chen's motion to remand, we do not have jurisdiction to grant the relief she seeks. Chen's motion appears to have been prompted by incorrect information she received from the United States Citizenship and Immigration Service ("USCIS") regarding the regulations governing the ability of "arriving aliens" to adjust to permanent status if they are in removal proceedings. After Chen applied to USCIS for adjustment of status, USCIS sent her a letter in which it informed Chen that her application was "administratively closed" for purposes of USCIS review because she was in removal proceedings and, as such, only an IJ or the BIA could adjust her status. In support, USCIS quoted a version of 8 C.F.R. § 245.2(a)(1) that was no longer in effect as of the date of the letter. Under the version of the regulations in effect as of that date (and that is presently in effect), not only *did* USCIS have jurisdiction over the petitioner's adjustment of status application, but the IJ and the BIA *did not* have the authority to grant that relief.

We express no opinion as to whether USCIS should grant Chen's application for adjustment of status if it is resubmitted to that agency. We note, however, that it appears that, under the current version of the regulations, Chen may seek a stay of removal from USCIS or United States Immigration and Customs Enforcement while she pursues adjustment of status from USCIS. *See* 8 C.F.R. § 241.6.

For the reasons set forth above, the petition is hereby **DENIED.** The motion to remand is **DENIED.**